

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Christopher D. Amore*
*Assistant U.S. Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey  07102*

*(973) 645-2700*

October 17, 2019

**Via E-mail**
Saverio Viggiano, Esq.
Federal Public Defender's Office
District of New Jersey
1002 Broad Street
Newark, NJ 07102

Re:  <u>Plea Agreement with Raymond Scura</u>

19-CR-889(CCC)

Dear Mr. Viggiano:

This letter sets forth the plea agreement between your client, Raymond Scura ("SCURA"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on October 25, 2019, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from SCURA, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a three-count Information, which charges him: (1) in Count One, with wire fraud, in violation of 18 U.S.C. § 1343; (2) in Count Two, with knowingly transferring, possessing and using, without lawful authority, a means of identification of another individual during and in relation to the wire fraud, in violation of 18 U.S.C. § 1028A; and (3) in Count Three, with knowingly and willfully obstructing, delaying, and affecting, and attempting to obstruct, delay, and affect, commerce and the movement of articles and commodities in commerce by robbery, and to commit and threaten physical violence to other persons and property in furtherance thereof, in violation of 18 U.S.C. § 1951(a).

If SCURA enters a guilty plea and is sentenced to a term of 96 months imprisonment, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against

SCURA for the following conduct (the "SCURA Relevant Conduct," as defined below), provided that SCURA admits under oath at the time of his guilty plea to having participated in each act that comprises the SCURA Relevant Conduct and that the SCURA Relevant Conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) and 18 U.S.C. § 3553(a):  (1) defrauding a country club in Mount Laurel, New Jersey, between in or around July 2016 and October 2016; (2) defrauding a wine retailer in Marlton, New Jersey, on or about December 24, 2016; (3) defrauding a limousine service in Kenilworth, New Jersey, and M.A. in or around November 2017; (4) defrauding a nail salon in Chester, New Jersey, and V.V. on or about July 25, 2018; (5) defrauding S.H. in or around December 2017; (6) defrauding J.Db. in or around October 2018; (7) defrauding a furniture retailer between in or around October 2018 and November 2018; (8) defrauding K.G. in or around November 2018; (9) defrauding a dry cleaning service in or around December 2018; (10) defrauding a jeweler in Marlton, New Jersey, in or around January 2019; (11) defrauding S.L. on or about January 9, 2017; (12) defrauding an exotic car rental company on or about December 23, 2016; (13) SCURA's knowing access and use of the personal identifying information of other individuals, including (a) J.D. from in or around July 2016 through December 2016, (b) J.Db. in or around October 2018, (c) K.G. from in or around November 2018 through in or around December 2018, and (d) M.N. from in or around November 2018 through in or around December 2018, in the District of New Jersey, and elsewhere; and (14) his commission of a robbery by force of P.K. in Belleville, New Jersey, on or about February 28, 2019.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, SCURA agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by SCURA may be commenced against him, notwithstanding the expiration of the limitations period after SCURA signs the agreement.

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.  This Office will advise the Court and the Probation Office of information related to sentencing, and such information may be used by the Court in determining SCURA's sentence.  In the event that the Court defers a decision to accept the plea until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the Court ultimately determines to reject the proposed plea.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1343 charged in Count One to which SCURA agrees to plead guilty carries a statutory maximum prison sentence of 30 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1028A charged in Count Two to which SCURA agrees to plead guilty carries a statutory mandatory prison sentence of 2 years that must be served consecutively to any term of imprisonment imposed on Counts One or Three, and a statutory maximum fine equal to the greatest of:  (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1951(a) charged in Count Three to which SCURA agrees to plead guilty carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences imposed on Counts One and Three may run consecutively to each other.  The sentence imposed on Count Two must run consecutive to any sentence imposed on Counts One or Three.  Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on SCURA, the sentencing judge: (1) will order SCURA to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order SCURA to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(1)(C), (2), and 28 U.S.C. § 2461; (4) may order SCURA, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (5) pursuant to 18 U.S.C. § 3583, may require SCURA serve a term of supervised release of not more than 3 years each on Counts One and Three and not more than 1 year on Count Two, which will begin at the expiration of any term of imprisonment imposed.  Should SCURA be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, SCURA may be sentenced to not more than 2 years' imprisonment on Counts One and Three and not more than 1 year

imprisonment on Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and Scura agree that a sentence of 96 months' imprisonment for all three Counts charged in the Information is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, SCURA will be sentenced to a term of 96 months' imprisonment.

Restitution

In addition, SCURA agrees to make full restitution for all losses resulting from the offenses of conviction and from the scheme, conspiracy, or pattern of criminal activity underlying those offenses, to any victims identified by this Office, including but not limited to the Internal Revenue Service. Restitution will be due immediately upon sentencing, but, at a minimum, shall be paid according to a plan established by the Court. Neither the existence of a restitution payment plan nor SCURA's timely payment of restitution according to that plan will preclude the United States from immediate collection of the restitution.

SCURA further agrees that within ten (10) days of the execution of this plea agreement, the defendant shall complete and submit a Financial Disclosure Statement provided by the United States, along with all documents supporting the defendant's stated assets and liabilities (collectively, the "Financial Disclosure Statement"). The defendant agrees to cooperate fully with the Financial Litigation Unit with respect to requests for additional information pertaining to the defendant's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning his assets and liabilities and his ability to pay restitution. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

Forfeiture

SCURA agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, SCURA shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the wire fraud offense charged in Count One of the Information, and the Hobbs Act robbery offense charged in Count Three of the Information. SCURA further

- 4 -

agrees that, pursuant to 18 U.S.C. § 924 and 28 U.S.C. § 2461, SCURA shall forfeit to the United States any firearm and ammunition involved in or used in the commission of the Hobbs Act robbery offense charged in Count Three of the Information.

SCURA acknowledges $10,000 in United States currency is property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in Count Three of the Information, and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. SCURA agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by SCURA, in an amount not to exceed $10,000 (the "Forfeiture Amount").

SCURA consents to the entry of an order requiring him to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to SCURA prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. SCURA further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

SCURA further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. SCURA understands that forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. SCURA hereby

- 5 -

waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

SCURA further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If SCURA fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that SCURA has intentionally failed to disclose assets on his Financial Disclosure Statement, SCURA agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on SCURA by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of SCURA's activities and relevant conduct with respect to this case.

Stipulations

This Office and SCURA agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or SCURA from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation,

- 6 -

both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and SCURA agree that, provided the Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. SCURA further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

## Immigration Consequences

SCURA understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. SCURA understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. SCURA wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. SCURA understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, SCURA waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

        This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

        This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against SCURA. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration & Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against SCURA.

        No provision of this agreement shall preclude SCURA from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that SCURA received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between SCURA and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.


                                Very truly yours,

                                CRAIG CARPENITO
                                United States Attorney



                        By:     Christopher Amore
                                Elaine Lou
                                Assistant United States Attorneys

APPROVED:


Mary E. Toscano
Deputy Chief, Criminal Division


                                - 8 -

I have received this letter from my attorney, Saverio Viggiano, Esq.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____              Date: 10/18/19
Raymond Scura


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____              Date: 10/18/19
Saverio Viggiano, Esq.

- 9 -

Plea Agreement With Raymond Scura ("SCURA")

Schedule A

1. This Office and SCURA agree to stipulate to the following facts:

     a. From in or around July 2016 through in or around March 2019, SCURA defrauded various individuals and entities, causing a loss amount greater than $250,000 but not more than $550,000, for purposes of U.S.S.G. § 2B1.1(b)(1).

     b. SCURA's scheme to defraud involved 10 or more victims, for purposes of U.S.S.G. § 2B1.1(b)(2)(A)(i).

     c. SCURA's scheme to defraud involved sophisticated means for purposes of U.S.S.G. § 2B1.1(b)(10)(C).

     d. On or about October 11, 2016, SCURA knowingly transferred, possessed and used, without lawful authority, a means of identification of another individual during and in relation to his scheme to defraud, in violation of 18 U.S.C. § 1028A.

     e. The total loss amount resulting from the February 28, 2019 robbery was approximately $10,000.

     f. SCURA participated in each act that constitutes the SCURA Relevant Conduct, as defined in this Plea Agreement.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 96 months' imprisonment for the charges contained in the Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 96 months' imprisonment. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. SCURA knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the

- 10 -

sentence imposed by the sentencing Court if the sentence imposed is 96 months' imprisonment. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is 96 months' imprisonment. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph